UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSA SOCCER ACADEMY, LLC, | NO. |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| COLLEGE LIFE ITALIA, SOCCER MANAGEMENT INSTITUTE, STEFANO RADIO, and GIORGIO ANTONGIROLAMI, | |
| Defendants. | |

COMES NOW the Plaintiff, OSA SOCCER ACADEMY, LLC, ("OSA") by and through its undersigned attorney, sues the Defendants, COLLEGE LIFE ITALIA ("CLI"), SOCCER MANAGEMENT INSTITUTE ("SMI"), STEFANO RADIO ("Radio"), and GIORGIO ANTONGIROLAMI ("Antongirolami"), and in support thereof states as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff files this action to combat the willful violation of its trade secret rights, for violations of the Lanham Act through unfair competition, for tortious interference with third-party business relations, fraud, unjust enrichment, and conversion.

COMPLAINT - 1

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

2.      Plaintiff seeks a permanent injunction, damages, costs, and attorneys' fees as authorized by the by the Lanham Act, Federal law, and Washington State law.

## THE PARTIES

3.      OSA Soccer Academy LLC, is a limited liability company organized under the laws of the State of Washington, and has its principle place of business at 114 Alaskan Way South, Suite 101, Seattle, WA 98104.

4.      College Life Italia, LLC, is a limited liability company organized under the laws of the state of Missouri, and has its principal place of business at 433 West 88th, Kansas City, MO 64114.  CLI also has an address in Italy at Via della Bufalotta, 374, 00139 Rome ITALY, which is the same address as SMI.

5.      CLI conducts business with United States citizens through the Internet and advertises its services in an interstate manner at http://www.collegelifeitalia.com.

6.      Soccer Management Institute, is believed to be a d/b/a for an entity operated in the country of Italy.  SMI's main office is believed to be Via della Bufalotta, 374, 00139 – Rome, ITALY.  SMI's has a principle place of business in the United States and conducts business at 5646 Holmes St., Kansas City, MO 64110.

7.      SMI conducts business with United States citizens through the Internet and advertises its services in an interstate manner at http://soccermanagementinstitute.com.

8.      Stefano Radio, an individual, is believed to be a citizen of Italy who resides in the United States.  Radio is CEO and co-founder of CLI, and president of SMI.

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

9.      Giorgio Antongirolami, an individual, is believed to be a citizen of Italy, and is believed to reside at 433 West 88th, Kansas City, MO 64114.  Antongirolami is the registered agent of CLI, and Senior Vice President of Enrollment at SMI.

## JURSIDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 as Plaintiff's causes of action arise under and the Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et seq.  Further, this Court has supplemental jurisdiction over Plaintiff's statutory and common law claims under Washington State law pursuant to 28 U.S.C. § 1367(a). This Court has supplemental jurisdiction over the remaining related state and common-law claims derived from a common nucleus of operative facts that form part of the same case or controversy.

11.     This is also an action for violation of the Lanham Act based on false designation of origin and unfair competition under 15 U.S.C. § 1125(a)(1)(A)-(B).

12.     This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a) as it is an action for damages exceeding $75,000.00 exclusive of interest, costs, and attorneys' fees, between citizens of a different US States and/or citizens or subjects of a foreign state.

13.     Venue is proper in the U.S. District Court for Western Washington at Seattle pursuant to U.S.C. §§ 1391(b), (c)(3), and 1400(a).

14.     Venue is also proper in this district since the causes of action arose in this district.

COMPLAINT - 3

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

# BACKGROUND

15.     OSA is owned and operated by Giuseppe Pezzano ("Pezzano"), who is a United States citizen residing in this judicial district.

16.     Pezzano is also the owner of Giuseppe Pezzano, LLC, is a member and financer of Eduitalia (http://www.eduitalia.org/), and majority owner of Eduassistance (https://www.eduassistance.org/). Through these organizations, Pezzano has extensive proprietary information and trade secrets regarding the creation and operation of international study-abroad education programs for students between the United States and Italy.

17.     OSA took and takes reasonable efforts to protect its proprietary information and trade secrets with respect to operating and international student exchange programs. Neither OSA nor Pezzano makes publicly available OSA's customers lists, list of industry contacts, or know-how with respect to international study-abroad programs.

18.     Pezzano is also engaged in business related to global soccer, and is the owner of the Seattle-based National Premier Soccer League (NPSL) team OSA Seattle FC ("OSAFC") (https://osaseattlefc.com/), and a Women's Premier Soccer League (WPSL) team.

19.     Starting in 2008, Pezzano has been working on a study-abroad idea for OSA and has invested more than $1 million in capital and significant time and energy to create a study-abroad project that would give US college credits to students who would travel to Italy and be able to play soccer.  After meeting defendants and Radio and Antongirolami,

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

Pezzano ultimately created and named the program the Soccer Business School ("SBS"), (www.soccerbusinessschool.com) with the intention of those defendants assisting Pezzano and OSA in operating SBS.

20.     SBS is a member of Eduitalia and allows US students to travel to Italy and showcase their soccer talents while earning a certificate through an Italian program at the same time.  OSAFC has offered several scholarships for students in this judicial district to attend SBS.

21.     The operative facts for the causes of action herein began in 2016 when defendant Antongirolami contacted Pezzano, in this judicial district, regarding potentially conducting business together.  Antongirolami was particularly interested in Pezzano's experience in bridging US and Italian soccer involvement at a high level.

22.     Antongirolami described his business qualifications to Pezzano as being based upon Antongirolami having been born and raised in Rome, Italy, having played soccer for the Serie A soccer team Lazio and later became involved as a coach with the Lazio youth program, having played soccer professionally in the US for the Cincinnati Riverhawks, and that he served a key role on the Rockhurst University soccer team coaching staff since 2000.

23.     Antongirolami then introduced Pezzano to Radio as a business partner of Antongirolami, to further explore business relationships between them.  The main project that Pezzano discussed with Antongirolami and Radio was an OSA study-abroad project in Italy that focuses on soccer management and playing soccer, which had been eight years in development at that time. All discussions took place with Pezzzano in this judicial district.

COMPLAINT - 5

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

Pezzano then started to introduce Radio to persons and resources Pezzano has developed for the project.

24.     In January of 2017, Pezzano took Radio to the National Soccer Coaches of America Association (NSCAA) annual meeting in Los Angeles (now called the United Soccer Coaches - "USC"). Pezzano attended that meeting each of the previous 10 years and introduced Radio to numerous soccer industry contacts.

25.     In May of 2017, Pezzano took Radio to the Association of International Educators ("NAFSA") fair. The NAFSA fair is the biggest study-abroad fair in the world and Pezzano has attended it since 2003. Once again, Pezzano introduced Radio to numerous study-abroad industry contacts at the NAFSA fair.

26.     In November of 2017, Pezzano and Radio had a telephone conversation about jointly running the soccer study-abroad project. Radio stated that he did not like his deal at CLI because he had to divide the little income made there, and further said he was the person responsible there for all meaningful work. Radio asked Pezzano if Pezzano was interested in creating and operating the soccer study-abroad project without CLI. Pezzano stated that the collaboration was between OSA and CLI and that it needed to continue as previously decided, with 50/50 partnership and division of proceeds between OSA and CLI.

27.     Beyond the soccer study-abroad project, Pezzano engaged in other business activities with Radio as well. As Pezzano already had an NPSL team, they decided to collaborate and field another NPSL team together in or around February of 2017. The team was called Pierce County FC and was formed and operated in this judicial district.

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

28.     Pezzano gave Radio the title of Sporting Director of the new NPSL soccer team and in December of 2017, Pezzano brought Radio to the owner's general meeting for the NPSL. That meeting is a private and confidential meeting with all of the owners of the NPSL teams, and gave Radio direct contact and access to a database and immense potential resource for SBS clients.

29.     With respect to the operations of the Pierce County FC club, it was planned to support the formation of SBS by fielding a team with Italian players that CLI worked with. The Italian players would play for the newly-formed team while in Seattle, and perform advertising and other work to obtain clients for the soon-to-be created SBS program for US students studying in Italy.

30.     In the course of executing the Pierce County FC business plan, over the summer of 2018, Pezzano housed over 20 players and a coach in several rental properties that Pezzano owned and took off the rental market to house the players and coaches at no cost. Pezzano also paid for meals, provided a car and paid for other forms of transportation, and covered all of the other costs related to the Pierce County FC team (gear for all players, rental of fields for practices and games, referee costs, travel, etc.).

31.     In January of 2018 at the 2018 USC annual meeting, Pezzano enlisted a soccer celebrity to endorse the SBS program at an exhibit, further promoting the business of SBS.

COMPLAINT - 7

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

32.     On or about February 16, 2018, Pezzano had an article describing the SBS

program sent to everyone in the NPSL and Women's Professional Soccer League (WPSL)

league databases, further promoting what would become SBS.

33.     Also around this time, Pezzano registered the domain name for SBS:

soccerbusinessschool.com, and utilized resources including the employees and offices of

Pezzano for the creation and development of the SBS project.

34.     Employees utilized by Pezzano to start the SBS project included:

-Cristiana Pedullà, an Italian attorney and previous COO of OSA who worked for

Pezzano for ten years

-Eliana Caputo who was hired by OSA to work on the SBS project

-Italian employees Vittorio Careri and Emanuel Maio who work for EduItalia

-Emily Magnotto, who works with Pezzano on numerous projects

-Antonio Cincotta, an Italian soccer coach and technical director for SBS

-Filippo Milano, MD, PhD, head collaborator of OSAFC and SBS advisor-

Francesco Pezzano, the Pezzano IT professional who built the SBS website.

35.     A main figure in the theft of the SBS project was the former Pezzano

employee, Cristiana Pedullà, who surreptitiously began to work for SMI, gave proprietary

information and trade secrets from OSA, and misled Pezzano while the shifting of the

business from SBS to SMI took place.

36.     After attending the 2018 USC fair in January, Radio stayed in Florence, Italy,

at Pezzano's hotel, using office space there which then became the official SBS Italian

COMPLAINT - 8

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

office, and future location for the SBS school classes with dedicated space. Pezzano's US and Italian employees worked on all of the remaining details to start receiving the first student signups for the SBS project and begin its operation.

37.     From February to March of 2018, Pezzano was also negotiating the sale of the Florence hotel, and it was during the months of the negotiations when Pezzano could not closely monitor every aspect of the SBS project that defendants started to steal the SBS project from OSA and rebrand it as a virtual carbon copy that would become SMI.

38.     On April 12, 2018, a draft contract was sent from Pezzano to Defendant Radio regarding the joint operation of SBS which reiterated the oral agreement of a 50/50 split of proceeds for revenue created by SBS between OSA and CLI.

39.     After the sending of the draft contract in April of 2018, Pedulla did not follow the directions given to her by Pezzano to finalize the contract, and the signature of the defendants was never obtained. Pedulla delayed the signature of defendants and kept giving excuses to Pezzano as to why the contract was delayed in being finalized.

40.     From February until May of 2018, the defendants conspired to create, and in fact created the SMI program using the resources, proprietary information, trade secrets, and monies of Pezzano.

41.     The Defendants broke off all contact with Pezzano by the end of May, 2018, and then formally launched SMI.

42.     In May of 2018, SBS was being advertised and promoted on the Internet in and through the soccerbusinessschool.com website.



HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

43.     SMI's website, soccermanagementinstitute.com, was officially registered as a domain name on May 28, 2018, and began advertising the SMI program.

44.     SMI's website copies extensive code from and is almost visually identical to the SBS website:

SBS:





SMI:

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM





45.     The SMI site lists the exact addresses in Missouri and Florence for SBS that were originally created and financed with Pezzano's resources.

46.     On January 16, 2018, the Soccer Business School Facebook page was created and advertised the SBS study-abroad program.

47.     On July 2, 2018, the SBS Facebook page was changed to become the Soccer Management Institute Facebook page and advertised the SMI study-abroad program.  The changing of the Facebook page was without knowledge or approval by Pezzano.

48.     On July 10, 2018, Italian counsel for OSA contacted the Defendants regarding this situation and potential causes of action, and OSA has yet to receive a response from Defendants.

COMPLAINT - 11

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

## COUNT I:
**(Lanham Act – False Designation of Origin and Unfair Competition under**
**15 U.S.C. § 1125(a)(1)(B))**

49.     Plaintiff repeats and realleges Paragraphs 1 through 48 hereof, as if fully set forth herein.

50.     Defendants made misleading statements of fact on the Internet and elsewhere misleading potential students that SMI was and/or is affiliated with OSA, Eduitalia, and/or SBS in an attempt to have students register to study at SMI.

51.     Defendants' statements to third parties about the SMI study-abroad program, including the deceptive use of a website derived from the SBS website, were used and are in use in interstate commercial advertisement or promotions, including on the Internet.

52.     Defendants' statements to third parties about the SMI study-abroad program, including the deceptive use of a website derived from the SBS website deceives and/or is likely to deceive in a material way in that Defendants' statements would lead a reasonable consumer to believe that Plaintiff's and Defendant's soccer-related study-abroad programs originated from the same source.

53.     Defendants' statements were made in interstate commerce as they were made on the internet and Defendants advertise and sell their study-abroad services outside Washington and throughout the United States.

54.     Defendant's actions have caused and are likely to continue to cause Plaintiff commercial injury as sales of the Defendants' soccer related study-abroad programs entitle Plaintiff to, at a minimum, royalties on each sold study-abroad program.  Through their

COMPLAINT - 12

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

statements, Defendants diverted students for the Plaintiff's SBS program to Defendants SMI

program.  At a minimum, Plaintiff's damages can be measured, inter alia, by their lost

royalties for these sales.

## COUNT II:
### Tortious Interference with Business Expectancy

55.     Plaintiff repeats and realleges Paragraphs 1 through 54 hereof, as if fully set

forth herein.

56.     Since 2016, OSA had a business relationship with defendants Radio,

Antongirolami, and CLI based upon the probability of future economic benefit for OSA

from the creation and operation of SBS.

57.     Based upon that expectation, OSA and Pezzano introduced the Defendants to

numerous third-party contacts in the study-abroad and soccer industries in reliance that those

introductions to the third-parties would inure to the benefit of OSA through SBS.

58.     The Defendants knew of the existence of the business relationship with

Pezzano and his economic expectations for the creation of the SBS program.

59.     The Defendants intentionally induced third-parties that were introduced to

them by Pezzano to send potential study-abroad students to SMI and not SBS.

60.     The Defendants' interference was for an improper purpose in that they misled

OSA and Pezzano to provide trade secret and proprietary information in making the

introductions to third parties, while the Defendants did not, in fact, intend to assist in

creating and jointly owning SBS but instead intended to use the introductions and industry

connections to promote SMI.

COMPLAINT - 13

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

61.     This tortious conduct of Defendants is the proximate cause of damages to OSA through the loss of revenue from students who attend SMI and not SBS.

## COUNT III:
### Misappropriation of Trade Secrets in Violation of Uniform Trade Secrets Act, Chapter 19.108 RCW

62.     Plaintiff repeat and realleges Paragraphs 1 through 61 hereof, as if fully set forth herein.

63.     In connection with the development and operation of SBS, OSA has expended significant time, labor, and resources to research, develop, and create proprietary trade secret information, including but not limited to proprietary information regarding lists of potential students, potential educational resources in Italy, and trade contacts in the soccer academy and study-abroad industries, and with soccer industry professionals and leagues.

64.     OSA has taken substantial measures and exercised due diligence to protect the secrecy of his proprietary business information trade secrets from becoming publicly available or disseminated.

65.     OSA's proprietary business information and trade secrets derive independent economic value by virtue of the fact they are not generally known and not readily ascertainable by other persons or entities who can obtain economic value from its disclosure or use.

66.     The Defendants undertook to gain access to OSA's trade secret information under false pretenses – namely under the guise that they intended to work with OSA to create the SBS study-abroad program. Defendants interacted with OSA and Pezzano under

COMPLAINT - 14

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

this guise in order to misappropriate OSAs trade secrets for their own SMI venture, and were provided access to proprietary information for a very limited purpose – the creation of the SBS program – and then subsequently employed the trade secrets for their own pecuniary gain.

67.     OSA at no time consented or otherwise allowed Defendants' misappropriation or use of the trade secrets.

68.     Defendants have used and continue to use OSA's trade secret information for their own pecuniary gain, and in conflict with OSA's exclusive right to the use of its trade secret information.

69.     OSA has been and continues to be damaged as a foreseeable result of Defendants' actions, including but not limited to past, present, and future loss of business, profits, income, and market value.

70.     Unless Defendants are permanently enjoined from misusing, converting, disclosing, and misappropriating Plaintiff's trade secret information, Plaintiff will continue to be irreparably harmed by Defendants' continued misuse, conversion, disclosure, misappropriation, and dissemination of Plaintiff's trade secrets.

71.     Plaintiff has no adequate remedy at law.

72.     Plaintiff is entitled to a permanent injunction enjoining Defendants from any further use, possession, transfer, duplication, or disclosure of any such trade secret information, and against any future development or activities that would or could make use of such trade secret information.

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

78.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been and continues to be damaged, and Defendants are liable to Plaintiff in an amount exceeding $75,000.00 to be determined at trial. Plaintiff is also entitled to recover damages for the unjust enrichment of Defendants resulting from Defendants' misappropriation of Plaintiff's trade secrets to the extent such unjust enrichment is not taken into account in computing the damages for Plaintiff's actual loss, pursuant to RCW 19.108.030(1).

79.    Defendants' misappropriation of Plaintiff's trade secret information was intentional, knowing, willful, and malicious.

80.    In addition to the damages recoverable for actual loss and unjust enrichment under RCW 19.108.030(1), Plaintiff is entitled to recover exemplary damages for Defendants' willful and malicious misappropriation of its trade secrets, pursuant to RCW 19.108.030(2)

81.    Plaintiff is entitled to recover an award of its reasonable attorneys' fees arising from Defendants' willful and malicious misappropriation of its trade secrets, pursuant to RCW 19.108.040.

## COUNT IV:
## Fraud

83.    Plaintiff repeats and realleges Paragraphs 1 through 82 hereof, as if fully set forth herein.

84.    Defendants represented to OSA and Pezzano that they were interested in created and jointly owning a soccer-related study abroad program.

COMPLAINT - 16

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

85.     This representation was material to OSA, as OSA and Pezzano only granted access to trade secret and proprietary information, and spent monies and resources on behalf of the joint venture and Defendants based upon this misrepresentation.

86.     The representation by the Defendants was false as their true motivation for stating the interest in jointly creating the soccer-related study-abroad project was to gain access to OSA's trade secrets and proprietary business information, and to subsequently use the trade secrets and proprietary information in furtherance of their own financial interests and in Defendant SMI's business, while excluding OSA and Pezzano entirely.

87.     Defendants knew or should have known that their representations to Pezzano were false as Defendants true intent was to create and solely own SMI.

88.     Defendants intended OSA to rely on Defendants' representation that in order to gain access to Plaintiff's trade secrets, proprietary business information, and monies and resources. Defendants' false representations were intended to deceive OSA and induce it into allowing Defendants access to its proprietary information and trade secrets based on a reliance on the false representations.

89.     OSA and Pezzano were unaware at the time that the Defendants sought to create their own study-abroad program, SMI, which would compete with SBS.

90.     OSA reasonably relied on the representations made by Defendants given that it had no reason to doubt the veracity of Defendants' representations or to know that Defendants intended to co-opt Plaintiff's proprietary trade secrets for use and dissemination in Defendants' own business.

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

91.     As a direct and proximate result of Defendants' material misrepresentations, and Plaintiff's reliance thereupon, Plaintiff has been greatly damaged, including, but not limited to, lost value in its trade secrets and intellectual property, and lost profits and income from its business premised on the use of trade secrets and intellectual property, and lost monies spent on behalf of the activities of the Defendants which were fraudulently used in the creation of SMI and not SBS. Plaintiff is entitled to recover these damages against Defendants for the creation and operation of SMI.

## COUNT V:
### Deceptive and Unfair Trade Practices in Violation of Consumer Protection Act, Chapter 19.86 RCW

92.     Plaintiff repeats and realleges Paragraphs 1 through 91 hereof, as if fully set forth herein

93.     RCW 19.86.090 provides a private civil cause of action for violations of the Washington Consumer Protection Act, including the unfair and unlawful conduct alleged herein.

94.     Defendants engaged in and are engaging in unfair methods of competition and/or deceptive acts or practices in conducting trade or commerce, as alleged herein. Specifically, Defendants engaged in fraud and misappropriation of Plaintiff's trade secrets and proprietary business information, and subsequently used those trade secrets and proprietary information in Defendants' own business ventures.

COMPLAINT - 18

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

95.    Defendants' unfair methods of competition and/or deceptive acts or practices are injurious to the public interest because Defendants have intentionally misrepresented and continue to misrepresent to the public at large that Defendants are affiliated with Plaintiff, and that SMI is affiliated with SBS.

96.    Plaintiff has been injured in his business and property by the unfair methods of competition and/or deceptive acts or practices of Defendants in the form of lost revenue and profits, and diminished value of Plaintiff's proprietary intellectual property.

97.    Defendants' unfair methods of competition and/or deceptive acts or practices are the proximate cause of Plaintiff's injuries.

98.    Pursuant to RCW 19.86.090, Plaintiff is entitled to injunctive relief against Defendants, and to recover treble damages, attorneys' fees, and costs.

## COUNT VI:
## Unjust Enrichment

99.    Plaintiff repeats and realleges Paragraphs 1 through 98 hereof, as if fully set forth herein.

100.    Through Pezzano's extensive operations in study-abroad programs, Pezzano created proprietary trade secrets and business information for OSA as discussed at length herein.

101.    Under the guise of setting up a joint venture soccer-related study-abroad program, the Defendants conducted a scheme designed to infiltrate Plaintiff's business under false pretenses and misappropriate his trade secrets and intellectual property.

COMPLAINT - 19

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

102.     Under the guise of setting up a joint venture soccer-related study-abroad program, the Defendants conducted a scheme designed to have Plaintiff advance monies and resources to Defendants in the belief that the Defendants were promoting the creation and operation of SBS.

103.     Defendants have used and continue to use Plaintiff's trade secret information in a manner that is illegal and violate Plaintiff's intellectual property rights.

104.     Defendants are unjustly enriched by use of the monies and resources that Plaintiff has provided to them in the belief that the Defendants were going to create and promote SBS, when in fact the Defendants used those monies and resources to create and promote SMI.

105.     Plaintiff is entitled to an award of damages from the unjust enrichment to the Defendants from the Defendants' improper use of Plaintiff's trade secret and proprietary information, and monies and resources, in the creation and operation of SMI.

**COUNT IV:**
**Conversion**

106.     Plaintiff repeats and realleges Paragraphs 1 through 105 hereof, as if fully set forth herein

107.     Defendants have temporarily and/or permanently deprived Plaintiff of its exclusive rights, title, and interest in its trade secrets and other proprietary information.

108.     Defendants' conversion of Plaintiff's intellectual property was intentional, unlawful, and malicious.

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

109.    Defendants have temporarily and/or permanently deprived Plaintiff of its monies and resources spent in the belief that such were being used to create and promote SBS.

110.    Defendants' conversion of Plaintiff's monies and resources was intentional, unlawful, and malicious.

111.    As a direct and proximate result of Defendants' conversion of Plaintiff's trade secrets/proprietary information, and monies and resources, Plaintiff has been greatly damaged.

112.    Plaintiff's damages include, but are not limited to, the loss in value to its intellectual property and business, loss of use, and loss of income.

113.    Plaintiff is entitled to an award of damages for the conversion of Plaintiff's trade secrets/proprietary information, and monies and resources.

WHEREFORE, Plaintiff demands judgment against Defendants and hereby requests that the Court:

A.      Enter judgment in favor of Plaintiff against Defendants on all causes of action;

B.      Issue an order restraining and enjoining Defendants and their officers, agents and employees from using or disclosing Plaintiff's confidential trade information and trade secrets;

COMPLAINT - 21

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

C.     Issue an order restraining and enjoining Defendants and their officers, agents and employees from marketing, selling, using, offering for sale or otherwise distributing information promoting the SMI program and any other products developed using Plaintiff's intellectual property, confidential information, or trade secrets;

D.     Issue an order compelling Defendants to compensate Plaintiff for any sales, profits, revenues obtained by Defendants as a result of the use of Plaintiff's trade secrets and proprietary information in operating the SMI program;

E.     Issue an order that the Defendants account and pay damages adequate to compensate the Plaintiff for Defendants' violation of the Lanham Act, with pre-judgment and post-judgment interest and costs, pursuant to 15 U.S.C. § 1125;

F.     Award Plaintiff compensatory damages, in an amount to be proven at trial;

G.     Award Plaintiff prejudgment interest;

H.     Award Plaintiff punitive and exemplary damages for Defendants intentionally unlawful conduct, pursuant to contract and statute;

I.     Award Plaintiff attorneys' fees and costs, pursuant to contract and statute;

J.     Award Plaintiff the costs of suit incurred herein, pursuant to contract and statute; and

K.     Grant any and all such further relief in law or equity as this Court finds just and proper to award under the circumstances.

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff OSA Soccer Academy LLC hereby demands a jury trial on all issues herein

3

so triable as a matter of right.

4

DATED this 14th day of February, 2019.

5

6

HELSELL FETTERMAN LLP

7

8

9

By  /Lance D. Reich/
    Lance D. Reich, WSBA #41090

10

    Samuel Winninghoff, WSBA #46825
    Attorneys for Plaintiff OSA Soccer

11

      Academy, LLC
    1001 Fourth Ave., Ste. 4200

12

    Seattle, WA 98154-1154
    (206) 292-1144 / Fax: (206) 340-0902

13

    lreich@helsell.com

14

    swinninghoff@helsell.com

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 23

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM